# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| G.B., | CIVIL CASE NO. 20-00048 |
| Plaintiff, | |
| vs. | **DECISION & ORDER**<br>**RE: MOTION FOR JUDGMENT**<br>**ON THE PLEADINGS** |
| GOVERNMENT OF GUAM, HAZEL BASILIO, an individual; DOES ENTITIES 1-5; and DOES-INDIVIDUALS 6-50, inclusive, | |
| Defendants. | |

Before the court is Defendant Government of Guam's ("GovGuam") Motion for Judgment on the Pleadings. ECF No. 22. For the reasons stated herein, the Motion is **GRANTED** and GovGuam is hereby **DISMISSED** from this proceeding **WITH PREJUDICE**.

## I. Factual and Procedural Background

On December 22, 2020, Plaintiff G.B. initiated this action by filing a Complaint. Compl., ECF No. 1. Therein, Plaintiff asserted seven causes of action: two counts of Child Sexual Abuse (Counts 1 and 2); Negligence (Count 3); Negligent Supervision (Count 4); Negligent Hiring and Retention (Count 5); Breach of Fiduciary Duty/Confidential Relationship (Count 6); and Deprivation of Federal Civil Rights (Count 7). *Id.* The Complaint invokes this court's jurisdiction through federal subject matter jurisdiction. *Id.* ¶ 2.

1

On December 6, 2021, GovGuam filed the instant Motion for Judgment on the Pleadings. Mot., ECF No. 22. On December 27, 2021, Plaintiff filed her opposition to GovGuam's Motion. Opp'n., ECF No. 26. GovGuam filed its reply on January 10, 2021. Reply, ECF No. 27.

**Discussion**

    a. **Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). A court evaluating a Rule 12(c) motion must construe factual allegations in a complaint in the light most favorable to the nonmoving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Under Rule 12(c), "'[j]udgment on the pleadings is properly granted when, accepting all factual allegations as true, there is no material fact in dispute, and the moving party is entitled to judgment as a matter of law.'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Fleming*, 581 F.3d at 925).

"A motion for judgment on the pleadings that asserts the absence of subject-matter jurisdiction is assessed in the same manner as a motion brought under Rule 12(b)(1)." *Ryan v. Salisbury*, 382 F.Supp.3d 1031, 1047 (D. Haw. 2019). "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." I*n re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008).

    a. **Lack of Subject Matter Jurisdiction – 12(b)(1)**

GovGuam moves to dismiss Counts II through VI for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Specifically, GovGuam argues that the

court lacks subject matter jurisdiction because (i) GovGuam refused to waive sovereign immunity for Plaintiff's failure to exhaust administrative remedies, and (ii) Plaintiff alleges intentional torts. Mot. at 11-16, ECF No. 22.

### i. Sovereign Immunity

Generally, subject matter jurisdiction refers to the court's statutory or constitutional power to adjudicate a case. *Pistor v. Garcia*, 791 F.3d 1104, 1110 (9th Cir. 2015). "Although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit." *Id.* at 1111. In the context of a Rule 12(b)(1) motion to dismiss on the basis of sovereign immunity, "the party asserting subject matter jurisdiction has the burden of proving its existence, i.e. that immunity does not bar the suit." *Id.* (internal citations and quotations omitted).

The Organic Act of Guam vested the Government of Guam with sovereign immunity. *See* 48 U.S.C. § 1421a (stating that the Government of Guam may be sued "with the consent of the legislature evidenced by enacted law"); *see also Marx v. Gov't of Guam*, 866 F.2d 294, 298 (9th Cir.1989) ("controlling authority and the legislative history of the Organic Act compel our holding that the government of Guam has inherent sovereign immunity.").

However, sovereign immunity is not absolute and may be waived. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense. Bd.*, 527 U.S. 666, 670 (1999). Waiver will generally exist where the state or agency either voluntarily invokes the court's jurisdiction or makes a clear declaration that it intends to submit itself to jurisdiction. *Id.* at 675-76. In other words, waiver will be found "only where stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Ramsey v. Muna*, 849 F.3d 858, 860-61 (9th Cir. 2017) (quoting *Edelman v. Jordan*, 415 U.S. 651, 673 (1974)) (brackets in original).

3

"Under the Organic Act, a waiver of immunity must be in the form of duly enacted legislation." *Sumitomo Constr. Co., Ltd v. Gov't of Guam*, 2001 Guam 23 ¶ 24. "The Guam Legislature is the sole body tasked with defining the scope of the government's immunity, and can broaden or restrict the government's amenability to suit and ultimate liability." *Id.* Guam's Legislature has chosen, by way of 5 Guam Code Ann. § 6101 *et seq*. ("Government Claims Act"), to grant a limited waiver of sovereign immunity subject to numerous conditions. One of those conditions requires filing a claim "within 18 months from the date the claim arose." 5 Guam Code Ann. § 6106(a).

Here, GovGuam argues that because sovereign immunity is only waived for administrative claims lodged with an 18-month period, Plaintiff's claim, filed in 2020 concerning events that occurred in 2006, is untimely. Mot. at 12, ECF No. 22. Conversely, Plaintiff argues that because 7 Guam Code Ann. § 11301.1 ("No Limit for Child Sex Abuse statute") permits a minor's sex abuse claim to be commenced "at any time," her administrative claim filed outside the 18-month period is not time barred. Opp'n at 4, ECF No. 26.

Plaintiff bears the burden of proving that sovereign immunity does not bar her suit against GovGuam. However, the court finds that Plaintiff fails to meet this burden for two reasons. First, Plaintiff fails to establish a *prima facie* case that she filed an administrative claim under the Government Claims Act within 18 months from the date of the alleged abuse. Specifically, Plaintiff alleges that she was sexually abused in 2006 by her history teacher Hazel Basilio at John F. Kennedy High School. Compl. ¶¶ 15-21, ECF No. 1. Crucially, however, Plaintiff fails to allege that she filed an administrative claim within 18 months of the alleged abuse. Therefore, Plaintiff fails to establish a *prima facie* case that she complied with the Government Claims Act and consequently, that GovGuam waived its sovereign immunity.

Second, Plaintiff's claims fail because Plaintiff fails to establish that Guam's Legislature

4

unequivocally expressed GovGuam's consent to be sued in the absence of a timely administrative claim. The No Limit on Child Sexual Abuse statute permits "*[a]ny* claims arising from an incident of child sexual abuse [to be commenced] … at any time." 7 Guam Code Ann. § 11301.1(a) (emphasis added). Similarly, "[a]ny claim … which has been barred by virtue of the expiration of the previous civil statute of limitations shall be permitted to be filed in any court of competent jurisdiction." *Id*. § 11301.1(b). However, these provisions conflict with the Government Claims Act, which requires that "*[a]ll* claims under this Act must be filed within 18 months from the date the claim arose." 5 Guam Code Ann. § 6106(a) (emphasis added).

The court may not infer that Guam's Legislature consented to GovGuam being sued under the Child Sexual Abuse statute in the absence of a timely administrative claim. Rather, the court may find a waiver of sovereign immunity "only where stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Ramsey*, 849 F.3d at 860-61. Here, however, there are two opposing and reasonable constructions of these statutes, as evidenced by the parties' briefings. Plaintiff argues that "[i]t would be absurd to allow [the No Limit on Child Sexual Abuse statute] to retroactively apply to statutes of limitations for filing lawsuits but not allow it to apply to the time limit for filing a pre-suit Government Claim." Opp'n at 5, ECF No. 26. The plain language of the statute supports Plaintiff's argument, wherein "*[a]ny* claim … may be commenced … at any time." 7 Guam Code Ann. § 11301.1(a) (emphasis added). Conversely, GovGuam argues that the Child Sexual Abuse statute "does not explicitly state that a timely, pre-suit administrative claim is waived, nor was the Government Claims Act amended for such an exception." Reply at 10, ECF No. 27. While the plain language of the statute supports Plaintiff's argument, precedent supports GovGuam's argument that sovereign immunity is waived only with "the most express language." *See Ramsey*, 849 F.3d at 860-61.

5

The court finds that there is no "clear declaration that [GovGuam] intends to submit itself to jurisdiction" under the No Limit on Child Sexual Abuse statute. *See Coll. Sav. Bank*, 527 U.S. at 670. Moreover, the court finds that there are two equally reasonable constructions concerning the interaction of the Government Claims Act and the No Limit on Child Sexual Abuse statute. *See S.C. v. Gov't of Guam*, 2022 WL 892081, at *3 (D. Guam Mar. 25, 2022); *see also R.C. v. Gov't of Guam*, 2022 WL 2195057, at *3 (D. Guam June 17, 2022). If there is "room for any other reasonable construction," then the court is prohibited from finding a waiver of sovereign immunity. *See Ramsey*, 849 F.3d at 860-61 (emphasis added).

Thus, the court is left with no alternative but to find that Plaintiff failed to establish that GovGuam waived sovereign immunity and consented to being sued despite Plaintiff's untimely administrative claim. As a result, the court finds that it does not have subject matter jurisdiction over GovGuam. The court therefore **GRANTS** GovGuam's Motion for Judgment on the Pleadings as to Counts II through VI against GovGuam.

### ii. Intentional Torts

Because the court finds that it lacks subject matter jurisdiction over GovGuam by virtue of GovGuam's sovereign immunity, the court need not address the parties' arguments concerning intentional torts.

### b. Failure to State a Claim – 12(b)(6)

GovGuam also moves to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. at 16, ECF No. 22. Specifically, GovGuam argues that (i) Plaintiff's filing is 14 years beyond the statute of limitations, (ii) Plaintiff fails to plead sufficient facts in Counts II through VI to support his claims, and (iii) Plaintiff fails to state a claim in Count VII capable of relief under 42 U.S.C. § 1983. Mot. at 7, ECF No. 7. Because the court has already determined that it does not have subject matter jurisdiction over GovGuam in Counts II

through VI, the court only addresses item (iii), which pertains to Count VII, relief under 42 U.S.C. § 1983.

Count VII is addressed "Against Individual Defendants Basilio and DOES 5-60." Compl. at 18, ECF No. 1. Notably absent is GovGuam. While Plaintiff alleges that GovGuam is the employer of individual Defendant Hazel Basilio, *Id.* ¶ 9, Plaintiff also explicitly states that "Defendant GovGuam is not a part of this Seventh Cause of Action." *Id.* ¶ 84.

The court cannot locate, nor does GovGuam cite, any authority that permits one defendant to move to dismiss a claim that is not against that defendant but rather is against only other co-defendants. Therefore, the court **DENIES AS MOOT** GovGuam's Motion for Judgment on the Pleadings as to Count VII against GovGuam.

## II. Conclusion

The court finds that Plaintiff has failed to sufficiently establish the court's subject matter jurisdiction over GovGuam, and therefore **GRANTS IN PART** GovGuam's Motion for Judgment on the Pleadings and **ORDERS** Judgment in favor of GovGuam on Counts II through VI. Furthermore, the court finds Plaintiff did not allege that GovGuam violated 42 U.S.C. § 1983 in Count VII, and therefore **DENIES AS MOOT** GovGuam's Motion for Judgment on the Pleadings as it pertains to Count VII. GovGuam is hereby **DISMISSED** from this proceeding **WITH PREJUDICE**.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
   Chief Judge
**Dated: Jul 15, 2022**